R. Daniel Fleck (WSB # 6-2668)
THE SPENCE LAW FIRM, LLC
15 S. Jackson St. / P.O. Box 548
Jackson, Wyoming 83001
fleck@spencelawyers.com
*Attorneys for Plaintiffs*

Emily S. Madden (WSB #7-6272)
THE SPENCE LAW FIRM, LLC
232 E. 2nd Street, Suite 101
Casper, Wyoming 82601
madden@spencelawyers.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

RYAN REMINGTON, MORGAN
REMINGTON, T.R., *a minor child*, K.R.,
*a minor child*, and A.R., *a minor child*,

Plaintiffs,

vs.

DEVON ENERGY PRODUCTION
COMPANY, L.P.,

Defendant.

Civil No. 22-cv-00064

## COMPLAINT

Plaintiffs, Ryan Remington, Morgan Remington, T.R., K.R., and A.R., by and through counsel, R. Daniel Fleck and Emily S. Madden of THE SPENCE LAW FIRM LLC, pleads and alleges his cause of action against Defendant as follows:

### I.     THE  PARTIES

1.     Plaintiff, Ryan Remington, is a Wyoming citizen who is and was at all relevant times residing in Campbell County, Wyoming.

2.     Plaintiff, Morgan Remington, is a Wyoming citizen who is and was at all relevant times residing in Campbell County, Wyoming.

3.      Plaintiffs Ryan and Morgan Remington are and were at all material times married.

4.      Together, Plaintiffs Ryan and Morgan Remington have three minor children, T.R., K.R., and A.R., who are also Plaintiffs in this matter.

5.      Plaintiff T.R., a minor child, is and was at all relevant times a Wyoming citizen residing in Campbell County, Wyoming.

6.      Plaintiff K.R., a minor child, is and was at all relevant times a Wyoming citizen residing in Campbell County, Wyoming.

7.      Plaintiff, A.R., a minor child, is and was at all relevant times a Wyoming citizen residing in Campbell County, Wyoming.

8.      Defendant Devon Energy Production Company L.P. is an Oklahoma corporation with its principal place of business in Oklahoma County, Oklahoma.

9.      Defendant Devon Energy Production Company L.P. is an oil and natural gas exploration and production company with operations throughout the United States and Canada.

10.     Defendant Devon Energy Production Company L.P. conducts business in Wyoming, including Campbell County, Wyoming.

11.     As a corporation, Defendant Devon Energy Production Company L.P. can act only through its directors, officers, agents, and employees.

12.     Defendant Devon Energy Production Company L.P. is vicariously liable for the negligent, reckless, willful, and wanton acts and omissions of its officers, directors,

agents, and employees who were acting within the course and scope of their employment at the time of such acts or omissions.

## II.   JURISDICTION AND VENUE

13.    Plaintiffs reallege and incorporate Paragraphs 1–12 above as if fully set forth herein.

14.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this suit is between citizens of different states, and the amount in controversy for this matter exceeds $75,000.00, exclusive of interest and costs.

15.    This Court has personal jurisdiction over Defendant Energy Production Company L.P. because Devon has purposefully directed its activities at residents of Wyoming and the acts and omissions that gave rise to this action occurred in Campbell County, Wyoming.

16.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, actions, or omissions giving rise to this action occurred within the District of Wyoming.

## III.   FACTS COMMON TO ALL CAUSES OF ACTION

17.    Plaintiffs reallege and incorporate Paragraphs 1–16 above as if fully set forth herein.

18.    In October 2018, Defendant Devon Energy Production Company L.P. owned and operated, the Sherwood Federal #1 well site in Campbell County, Wyoming.

19.     At all material times, Defendant Energy Production Company L.P. employed Tron Riley as a Lease Operator.

20.     Tron Riley was placed in the position of Lease Operator by his employer, Defendant Devon Energy Production Company L.P.

21.     As a Lease Operator, Tron Riley was in charge of the work performed at certain well sites.

22.     Defendant Energy Production Company L.P. placed Tron Riley in charge of the work performed at the Sherwood Federal #1 well site.

23.     Tron Riley was placed in a managerial capacity by his employer, Defendant Energy Production Company L.P.

24.     As the Lease Operator in charge of the Sherwood Federal #1, Tron Riley was in charge of all person's safety at the well site.

25.     In 2018, the Sherwood Federal #1 well site had a gas well head that was connected by pipes to a structure that housed a steel vertical separator about 100 feet away.

26.     The steel vertical separator separated gas, oil, and water after being transported to it by pipes from the well head.

27.     In 2018, Tron Riley discovered a gas leak at the Sherwood Federal #1 well site.

28.     The gas leak that Tron Riley discovered was adjacent to the separator building.

29.     After discovering the gas leak, Tron Riley marked the area of the gas leak with a pin flag.

30.     Tron Riley marked the area of the gas leak at the Sherwood Federal #1 well site because he was in charge of the operations at that well site.

31.     Defendant Energy Production Company L.P. contacted RR Services to locate and fix the leaking gas line.

32.     RR Services LLC is owned and operated by Ryan Remington.

33.     Line Finders LLC was also contacted to help expose the leaking gas line.

34.     At all material times, Michael Elsasser and Marcus Murschel were employees of Line Finders LLC.

35.     On October 4, 2018, Michael Elsasser and his co-employee Marcus Murschel arrived at the Sherwood Federal #1 work site in a hydro-vac truck.

36.     Ryan Remington met Marcus Murschel and Michael Elsasser of Line Finders LLC at the Sherwood Federal #1 site.

37.     Upon his arrival, Ryan Remington put his gas monitor on his vest.

38.     Marcus Murschel and Michael Elsasser set-up the hydro-vac truck by the separator building.

39.     Marcus Murschel, Michael Elsasser, and Plaintiff Ryan Remington exposed the area previously marked by Tron Riley with the hydro-vac.

40.     This did not reveal the leaking gas line, however.

41.     Because the leak was not revealed, Ryan Remington called Tron Riley, on behalf of Defendant Energy Production Company L.P., to tell Defendant Energy Production Company L.P. that the leak was not located.

42.     Tron Riley, on behalf of Devon Energy Production Company L.P., arrived at the work site about one hour later.

43.     Tron Riley appeared irritated to be there.

44.     Tron Riley confirmed that the area exposed by the hydro-vac was the area he had previously marked as the location of the leak.

45.     To expose the leak, Tron Riley decided to open the gas line to see where the gas would surface.

46.     Opening a gas line is extremely dangerous.

47.     Because of the extreme danger, opening a gas line requires the evacuation of all persons from the area.

48.     Tron Riley knew of the extreme danger that opening a gas line poses.

49.     Tron Riley knew that all persons had to be evacuated from the area before a gas line was opened.

50.     Because of his knowledge, Tron Riley directed Plaintiff Ryan Remington to evacuate the area.

51.     Because of his knowledge, Tron Riley directed Marcus Murschel and Michael Elsasser to rig down, move their truck, and evacuate the area.

52.     These instructions were given because of the extreme risk to the life and limbs of Marcus Murschel, Michael Elsasser, and Plaintiff Ryan Remington if the gas line were opened with them in the area, as well damage to property owned by Defendant Devon Energy Production Company L.P., Line Finders LLC, and/or RR Services.

53.     After directing everyone to evacuate, Tron Riley walked to the well head.

54.     Marcus Murschel and Michael Elsasser began to rig down their hydro-vac truck which was parked directly adjacent to the separator building.

55.     Plaintiff Ryan Remington opened the door to the separator building.

56.     When Plaintiff Ryan Remington stepped one foot inside the separator building, his gas monitor started going off.

57.     Without any warning, and before Michael Elsasser, Marcus Murschel, or Plaintiff Ryan Remington safely evacuated the area, Tron Riley opened the gas line.

58.     Tron Riley opened the gas line without checking to see if all persons had safely evacuated the area.

59.     Upon information and belief, Tron Riley opened the gas line despite knowing the pressure gauge was broken, dysfunctional, or otherwise inaccurate.

60.     Tron Riley opened the gas line with full knowledge that the opened gas line and release of pressure could have drastic consequences to the lives and limbs of Marcus Murschel, Michael Elsasser, and Plaintiff Ryan Remington, if they were still in the area.

61.     Tron Riley opened the gas line in reckless disregard of the consequences, and under circumstances and conditions that a reasonable person in Tron Riley's position knew or should have known that such conduct would, in high degree of probability, result in harm to Marcus Murschel, Plaintiff Ryan Remington, and Michael Elsasser.

62.     The pressure Tron Riley applied to the gas line caused the vertical separator to explode.

63.     Plaintiff Ryan Remington suffered severe personal injuries as a result of the explosion.

64.     Michael Elsasser and Marcus Murschel were also severely injured by the explosion.

65.     Plaintiff Ryan Remington asked Tron Riley to call 9-1-1.

66.     Tron Riley made two phone calls prior to calling 9-1-1.

67.     While in Tron Riley's truck on the way to the hospital, Plaintiff Ryan Remington called his wife, Plaintiff Morgan Remington, because he did not think he would make it to the hospital.

68.     At all material times, Tron Riley was acting within the course and scope of his managerial position on behalf of Defendant Energy Production Company L.P. as a Lease Operator in charge of the operations at the Sherwood Federal #1 well site.

69.     As a corporation, Defendant Energy Production Company L.P. can act only through its officers, agents, and employees.

70.     Defendant Energy Production Company L.P. is vicariously liable for the negligent, reckless, willful, and wanton acts or omissions of its managerial employee, Tron Riley, including liable for punitive damages.

### IV.     FIRST CAUSE OF ACTION: NEGLIGENCE

71.     Plaintiffs incorporate and adopt by reference all facts and allegations contained in Paragraphs 1–70 above as though fully set forth herein.

72.     At the time and place of the events described herein, Tron Riley owed Plaintiff Ryan Remington a duty to act reasonably under the circumstances.

73.     At the time and place of the events described herein, Defendant Energy Production Company L.P. owed Plaintiff Ryan Remington a duty to act reasonably under the circumstances.

74.     The duty of care owed by Mr. Tron Riley and Defendant Energy Production Company L.P. to Plaintiff Ryan Remington was breached through Mr. Tron Riley's negligent, reckless, willful, and wanton acts and omissions, including but not limited to:

a.     Negligently and recklessly failing to ensure that the area around the separator building was evacuated by all persons, including Plaintiff;

b.     Negligently and recklessly failing to ensure all persons, including Plaintiff, removed themselves to a safe location before turning open the gas line;

c.     Negligently and recklessly applying an unknown amount of pressure to an open gas line;

d.     Negligently and recklessly opening a gas line without a functioning or accurate pressure gauge;

e.     Negligently and recklessly opening the gas line before ensuring the aforementioned safety precautions;

f.     Opening the gas line in reckless disregard of the consequences, and under circumstances and conditions that a reasonable person in Mr. Riley's position knew or should have known that such conduct would, in high degree of probability, result in harm to Plaintiff; and

g.     Otherwise failing to act reasonably under the circumstances

75.     At all material times, Mr. Tron Riley was acting within the course and scope of his employment with Defendant Energy Production Company L.P.

76.     At all material times, Mr. Tron Riley was acting in a managerial capacity on behalf of Defendant Energy Production Company L.P. as the Lease Operator of the Sherwood Federal #1 well site.

77.     At all material times, Defendant Energy Production Company L.P. trusted and required Mr. Tron Riley to ensure the safety of all persons at the Sherwood Federal #1 well site.

78.     Defendant Energy Production Company L.P. is vicariously liable for all negligent, reckless, willful, or wanton acts or omissions of its employees, including Mr. Tron Riley.

79.     As a direct and proximate cause and result of Mr. Tron Riley's negligent, reckless, willful, and wanton acts and omissions, Plaintiff Ryan Remington suffered and will continue to suffer extreme personal injuries and physical and emotional pain and suffering for which Defendant is liable and of which are set forth more fully in the "Damages" section of this Complaint.

## V.     SECOND CAUSE OF ACTION: LOSS OF SPOUSAL CONSORTIUM

80.     Plaintiffs incorporate and adopt by reference all facts and allegations set forth in Paragraphs 1–79 above as though fully set forth herein.

81.     As a result of Mr. Tron Riley's negligent, reckless, willful, and wanton acts and omissions, Plaintiff Ryan Remington can no longer provide affection, protection, support, services, companionship, care, society, and other pleasures of his marital relationship to Plaintiff Morgan Remington.

82.     As a direct and proximate cause and result of Mr. Tron Riley's negligent, reckless, willful, and wanton acts and omissions, Plaintiff Morgan Remington suffered and will continue to suffer the loss of her husband's care, affection, protection, support, services, companionship, care, society, and the pleasures of the marital relationship for

which Defendant is liable and of which are set forth more fully in the "Damages" section of this Complaint.

## VI.   THIRD CAUSE OF ACTION: LOSS OF PARENTAL CONSORTIUM

83.    Plaintiffs incorporate and adopt by reference all facts and allegations set forth in Paragraphs 1–82 above as though fully set forth herein.

84.    As a result of Mr. Tron Riley's negligent, reckless, willful, and wanton acts and omissions, Plaintiff Ryan Remington can no longer provide the services, society, companionship, affection, love, advice, and guidance to his minor children, Plaintiffs T.R., K.R., and A.R.

85.    As a direct and proximate cause and result of Mr. Tron Riley's negligent, reckless, willful, and wanton acts and omissions, Plaintiffs T.R., K.R., and A.R. have suffered and will continue to suffer the loss of their father's services, society, companionship, affection, love, advice, and guidance for which Defendant is liable and of which are set forth more fully in the "Damages" section of this Complaint.

## VII.   DAMAGES

86.    Plaintiffs incorporate and adopt by reference all facts and allegations set forth in Paragraphs 1–85 above as though fully set forth herein.

87.    As a direct and proximate result of Mr. Tron Riley's negligent, willful, and wanton acts and omissions, Plaintiff Ryan Remington is entitled to compensation and to recover the following damages from Defendant:

a.  Past and future medical and related expenses in an amount to be proven at trial;

b.  Past and future physical pain and suffering in an amount to be proven at trial;

c.  Past and future disability in an amount to be proven at trial;

d.  Past and future emotional pain and suffering in an amount to be proven at trial;

e.  Past and future mental pain and suffering in an amount to be proven at trial;

f.  Past and future loss of enjoyment of life in an amount to be proven at trial;

g.  Past and future loss of income in an amount to be proven at trial;

h.  Past and future lost earning capacity in an amount to be proven at trial;

i.  Other past and future pecuniary loss in an amount to be proven at trial;

j.  Punitive damages; and

k.  All allowable costs, expenses, and fees associated with this litigation.

88.     As a direct and proximate result of Mr. Tron Riley's negligent, willful, and wanton acts and omissions, Plaintiff Morgan Remington is entitled to compensation and to recover the following damages from Defendant:

a.     The loss of affection, protection, support, services, companionship, care, society, and other pleasures of the marital relationship already experienced and reasonably probable to be experienced in the future in an amount to be proven at trial;

b.  Punitive damages; and

c.  All allowable costs, expenses, and fees associated with this litigation.

89.     As a direct and proximate result of Mr. Tron Riley's negligent, willful, and wanton acts and omissions, Plaintiffs T.R., K.R., and A.R. are entitled to compensation and to recover the following damages from Defendant:

a.  The loss of their father's services, society, companionship, affection, love, advice, and guidance already experienced and reasonably probable to be experienced in the future in an amount to be proven at trial;

b.  Punitive damages; and

c.  All allowable costs, expenses, and fees associated with this litigation.

### VIII.  PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request this Court enter judgment against Defendant in an amount supported by the allegations of this Complaint and the evidence at trial as follows:

1.  Judgment against Defendant for general damages in an amount consistent with the allegations of this Complaint and to be proven at trial;

2.  Judgment against Defendant for exemplary damages in an amount consistent with the allegations of this Complaint and to be proven at trial;

3.  Judgment against Defendant for special damages in an amount consistent with the allegations in this Complaint and to be proven at trial; and

4.  Judgement for costs, interests, and such other and further relief as this Court deems just and equitable.

DATED this 18th day of March, 2022.

/s/ R. Daniel Fleck
R. Daniel Fleck (WSB # 6-2668)
Emily S. Madden (WSB # 7-6272)
THE SPENCE LAW FIRM, LLC
fleck@spencelawyers.com
madden@spencelawyers.com

*Attorneys for Plaintiffs*